11th Court of Appeals
Eastland, Texas
Opinion
 
Larry Dan Beard
            Appellant
Vs.                  No. 11-03-00184-CR – Appeal from Scurry County
State of Texas
            Appellee
 
            The trial court convicted Larry Don Beard, upon his plea of nolo contendere, of forgery.
Pursuant to the plea bargain agreement, the trial court sentenced appellant to confinement for 10
years. We affirm.
Procedural Background
            Appellant was originally indicted in Trial Court Cause No. 8608. In that indictment, the
State alleged three prior felonies, including a 1989 felony in which the State alleged that appellant
committed aggravated kidnapping. At the hearing on appellant’s motion to quash, appellant argued
that he had been convicted of the lesser included offense of kidnapping. The State agreed and
reindicted appellant in the present case. In this indictment, the State again alleged three prior
felonies, but this time alleged that appellant had been convicted in 1989 of kidnapping. Prior to
accepting appellant’s guilty plea, the State abandoned the 1989 enhancement allegation. Appellant
then entered pleas of true to the two remaining enhancement allegations.
Counsel’s Brief
            Appellant’s court-appointed counsel has filed a brief in which he states that he has conducted
a diligent review of the record and the applicable case law. Counsel states that, in his professional
opinion, the record reflects no reversible error and no grounds upon which a meritorious appeal
could be predicated. 
            Counsel has furnished appellant with a copy of the brief and advised appellant of his right
to review the record and file a pro se brief. A pro se brief has been filed. Counsel has complied with
the procedures outlined in Anders v. California, 386 U.S. 738 (1967); Stafford v. State, 813 S.W.2d
503 (Tex.Cr.App.1991); High v. State, 573 S.W.2d 807 (Tex.Cr.App.1978); Currie v. State, 516
S.W.2d 684 (Tex.Cr.App.1974); and Gainous v. State, 436 S.W.2d 137 (Tex.Cr.App.1969).
Arguable Issues on Appeal
            Following the procedures outlined in Anders v. California, supra, and Gainous v. State,
supra, counsel presents two arguable issues. First, counsel contends that the trial court erred when
it denied the motion to disqualify the judge. The record reflects that the judge had served as the
prosecutor in one of the prior convictions alleged for enhancement purposes. As counsel notes in
his brief, the rule regarding disqualification of judges is limited to cases in which the judge has
served as counsel at some prior time in the same case now before the trial court, and it does not apply
to situations where the judge served as counsel in a different case now used for enhancement
purposes in the trial court. Hathorne v. State, 459 S.W.2d 826, 833 (Tex.Cr.App.1970); Madden v.
State, 911 S.W.2d 236, 240 (Tex.App. - Waco 1995, pet’n ref’d). Counsel correctly states that
nothing in the record in the present case would support an argument for extending the
disqualification rule to include representation in cases alleged for enhancement purposes. Moreover,
we note that the State abandoned the allegation involving the conviction in which the trial judge had
served as the prosecutor. The first issue is overruled.
            Next, counsel contends that trial counsel failed to afford appellant reasonably effective
assistance of counsel. We disagree.
            In order to determine whether appellant’s trial counsel rendered ineffective assistance at trial,
we must first determine whether appellant has shown that counsel’s representation fell below an
objective standard of reasonableness and, if so, then determine whether there is a reasonable
probability that the result would have been different but for counsel’s errors. Strickland v.
Washington, 466 U.S. 668 (1984); Hernandez v. State, 988 S.W.2d 770 (Tex.Cr.App.1999). We
must indulge a strong presumption that counsel’s conduct fell within the wide range of reasonable
professional assistance; and appellant must overcome the presumption that, under the circumstances,
the challenged action might be considered sound trial strategy. Stafford v. State, supra at 508-09.
            The record before this court supports the trial court’s conclusions that appellant knowingly
and voluntarily waived his right to a trial by jury and entered a plea of nolo contendere to the offense. 
The record further reflects that appellant was admonished pursuant to TEX. CODE CRIM. PRO.
ANN. art. 26.13 (Vernon Supp. 2004). Trial counsel preserved appellant’s right to appeal the trial
court’s rulings on his pretrial motions. The record reflects that counsel’s representation was within
the range of competence demanded of attorneys in criminal cases and that there is a reasonable
probability that, but for any error by counsel, appellant would have insisted on going to trial. Hill
v. Lockhart, 474 U.S. 52 (1985); Ex parte Morrow, 952 S.W.2d 530 (Tex.Cr.App.1997), cert. den’d,
525 U.S. 810 (1998). The second issue is overruled.
            Counsel raises, but does not brief, two additional issues: whether the enhancement
allegations constituted double jeopardy and whether appellant’s reindictment constituted double
jeopardy. We agree with counsel’s conclusion that neither argument has any merit. The use of prior
convictions to enhance punishment does not constitute double jeopardy. Witte v. United States, 515
U.S. 389, 400 (1995). Further, jeopardy had not attached. Ex parte Preston, 833 S.W.2d 515, 517
(Tex.Cr.App.1992). Both additional issues are overruled.
Pro Se Brief
            In his pro se brief, appellant contends that the enhancement allegations exposed him to
double jeopardy; that he was denied his constitutional right to be heard on his pro se motion filed
March 31, 2003; that collateral estoppel prevented the State from using an aggravated kidnapping
offense for enhancement purposes; that a conflict of interest was established in his motion to
disqualify the trial judge; and that the first four issues resulted in his denial of effective assistance
of trial counsel. We disagree.
            As noted above, the use of prior convictions for enhancement purposes is not barred by the
double jeopardy doctrine, and the fact that the trial judge had been the prosecutor in one of the
convictions alleged for enhancement is not a conflict of interest. Appellant was represented on
March 31, 2003, by counsel. There is no constitutional right to hybrid representation; therefore, the
trial court did not err with regards to appellant’s pro se motion. Scarbrough v. State, 777 S.W.2d
83 (Tex.Cr.App.1989); Rudd v. State, 616 S.W.2d 623 (Tex.Cr.App.1981); Landers v. State, 550
S.W.2d 272 (Tex.Cr.App.1977). The record does not support appellant’s contention that he was
denied effective assistance of counsel. Hill v. Lockhart, supra; Strickland v. Washington, supra;
Hernandez v. State, supra; Ex parte Morrow, supra; Stafford v. State, supra.
            Following the procedures outlined in Anders, we have independently reviewed the record. 
We agree that the appeal is without merit.
            The judgment of the trial court is affirmed.
 
                                                                                    PER CURIAM
 
May 13, 2004
Do not publish. See TEX.R.APP.P. 47.2(b).
Panel consists of: Arnot, C.J., and
Wright, J., and McCall, J.